## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | Criminal No: 5:19CR261 |
| ) | |
| Plaintiff, ) | |
| ) | HONORABLE JUDGE |
| Vs. ) | SARA LIOI |
| ) | |
| BRUCE A. MCCAULEY ) | |
| ) | **SENTENCING MEMORANDUM** |
| Defendant, ) | **FOR BRUCE MCCAULEY** |

Defendant Bruce McCauley, through undersigned counsel, submits the instant Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.  Counsel attaches the following Memorandum to assist the Court in fashioning Mr. McCauley's sentence.

 

Respectfully submitted,

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant
631 W. Exchange Street
Akron, Ohio 44302
330-252-0125

## **CERTIFICATE OF SERVICE**

      This is to certify that on September \_\_\_\_, 2019 a copy of the foregoing Defendant's Sentencing Memorandum was filed with the Court. Notice of the filing will be sent by operation of the Courts Electronic filing system to all parties indicated on the electronic filing receipt.

      Respectfully submitted,

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant Bruce McCauley

I. INTRODUCTION

Defendant Bruce McCauley appears for sentencing pursuant to a plea agreement executed by the parties. His offense base level is set at 11, minus 2 for acceptance of responsibility to a total offense level of 9. The presentence report filed August 29, 2019 showed a criminal history category of V that relates to a guideline range of 18-24 months within zone D. Mr. McCauley feels that his personal history and acceptance of responsibility for his conduct that brought on this current offense should render a reasonable sentence that is sufficient but not greater than necessary to achieve the statutory goals at sentencing. A sentence to the low range of that guideline would serve to provide an adequate sentence for Mr. McCauley.

II. APPLICABLE LEGAL STANDARDS

Law and Analysis

In *U.S. v. Booker*, 543 U.S. 220, 244-268, the Court declared the federal Sentencing Guidelines to be advisory. "*Booker* 'requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a) (Supp. 2004),'" U.S. v. Rowan, 2007 U.S. Dist. LEXIS 2126 *26 (E.D. Pa 2007), quoting *Booker*, 543 U.S. 220, 245-46 (sentencing a defendant to probation despite that his offense fell in Zone D of the sentencing table with a guideline sentencing range of 18-24 months' imprisonment).

The court must fashion a sentence that is no greater than necessary to achieve the goals of sentencing contained in 18 U.S.C. §3553(a). *Gall v. United States,* 128 S. Ct. 586 (2007); *Kimbrough v. United States,* 128 S. Ct. 558 (2007). The four purposes of sentencing set forth in §3553(a)(2) are: retribution; deterrence; incapacitation; and

rehabilitation, Id.

18 U.S.C. 3553(a) directs:

"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed—

   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) To afford adequate deterrence to criminal conduct;

   (C) To protect the public from further crimes of the defendant; and

   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The advisory guideline range;

(5) Any pertinent policy statements issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities; and

(7) The need to provide restitution to any victims of the offense.

III. §3553(a) CONSIDERATIONS

Mr. McCauley's background and present circumstances as well as his offense and post-offense conduct are relevant factors for this Court to consider in assessing the §3553 factors. Mr. McCauley is a 67 year old man born in Edwards Mississippi in 1951. He and his siblings were raised by their mother Doris Taylor who passed away in November

2018. He was very close to his mother and he was emotionally traumatized by virtue of her death which prompted his excessive use of alcohol thereafter. He's been addicted to prescription opiates, cocaine, crack, heroin and alcohol for most of his adult life which consequently contributed to his criminal history. He has maintained periods of sobriety in his life and understands it's a condition that he must struggle with the assistance of support program.

Mr. McCauley has been involved with the substance abuse treatment programs while in custody on this case. He intends to stay focused on his treatment and sobriety with the help of the Veterans Hospital and related assistance programs with that organization. (See attachments)

Mr. McCauley asserts that this is a life changing event in his life. He squandered too many years of his life in prison because of his addiction and foolish acts. He feels his at the eve of his life and would like to show his family members that he can be a worthy citizen in the community. He still feels regret and pain he brought on to the victims of the original offense. He intends to pay toward the restitution on the original offense.

IV. CONCLUSION

For all of the reasons set forth above and any such additional considerations as may be brought to the courts attention as the time of sentencing, Mr. McCauley requests this Courts to sentence as follows:

1. Sentence Mr. McCauley to the minimum term of imprisonment in the guideline range as determined by this Court.
2. Determine that any fine or cost of imprisonment be waived because of Mr. McCauley's financial status.

3. Recommend to the Bureau of Prisons that it designated Mr. McCauley place of imprisonment be Federal Medical Center ("FMC") Lexington Kentucky.

4. Recommend to the Bureau of Prisons that Mr. McCauley participate in the Federal 500 hour residential drug rehabilitation program. *See*, 18 U.S.C. §3621(b) and (e).

Respectfully submitted,

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant
631 W. Exchange Street
Akron, Ohio 44302
330-252-0125



## ACKNOWLEDGEMENTS

A debt of gratitude is due to many individuals who have made this educational training program a reality. First, a special thanks to my dear brothers, Robin "Doc" Herman and Anthony Villa Sr., who helped me develop a framework for articulating and applying *criminogenic needs domains* to our work with incarcerated and formerly incarcerated men and women – and their families. This framework is adapted from the texts and curriculum called, *Psychology of Incarceration: A Distortion of the State of Belonging*.

Whenever a reference is made to *Psychology of Incarceration*, please know the source is always Herman, Osiris, and Villa (*Psychology of Incarceration: A Distortion of the State of Belonging*, 2004). Whenever a reference is made to the *Hanbleceya: Quest for Vision*, the names of its stages, traits or distortions, please know that the source is always Brentro, Brokenleg, and Van Bockern (*Reclaiming Youth At-Risk*, 1990) and Herman (*Hanbleceya: Quest for Vision – The Stage of Belonging*, 2000).

GWC, Inc. was allowed inside an Ohio prison to record me teaching the Psychology of Incarceration program to inmates. This could not have been done without the support and visionary leadership of the Director of the Ohio Department of Rehabilitation and Correction, Terry Collins; the permission of the Warden of Richland Correctional Institution, Julius C. Wilson; and his Deputy Warden of Special Services, Dennis Baker, who introduced me to the President of GWC, Inc., JoAnn Moore. I thank all of you, especially Dennis and JoAnn, for believing in me.

Finally, I want to thank my former cellmate and lifelong comrade, Rasheed Jihad, and the hundreds of incarcerated men and women who have completed the Psychology of Incarceration Program, particularly those at Richland Correctional Institution and Franklin Pre-Release Center in Ohio.